MATTER OF BUNAG

In Section 248 Proceedings

A-15809264

*Decided by District Director December 4, 1967*

An alien who upon arrival in 1961 was found to be a stowaway, was ordered detained on board by the examining immigration officer and was deported without hearing, was not "arrested and deported" from the United States within the meaning of section 212(a)(17), Immigration and Nationality Act, and at the time of his last entry on October 3, 1966 he did not need permission to reapply under section 212(a)(16) of the Act, more than one year having elapsed since his exclusion and deportation.

The applicant is a 29-year-old single alien, a native and citizen of the Philippines. He last entered the United States at Rouses Point, New York on October 3, 1966 when he was admitted as a visitor for pleasure. He seeks a change of status to that of a non-immigrant student under section 101(a)(15)(F)(i) of the Immigration and Nationality Act, as amended.

Section 248 of the Act provides, so far as pertinent here: "The Attorney General may, under such conditions as he may pre-scribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien *lawfully admitted to the United States as a nonimmigrant* who is continuing to maintain that status. . . ." (Emphasis supplied.)

The application is supported by a Certificate of Eligibility, Form I-20, and evidence of satisfactory financial arrangements to meet the applicant's expenses as a student. The application was filed during the period of his admission. The only issue presented here is whether the applicant was excludable at the time of his last entry by reason of his prior deportation from the United States, no permission to reapply having been granted.

The applicant first arrived at Apra Harbor, Guam, on March 19, 1961 as a stowaway on a United States Naval vessel. Upon arrival he was presented for immigration inspection on board the vessel, found inadmissible as a stowaway by the examining immi-

103

gration officer without referral for a hearing by a special inquiry officer, and ordered detained on board pursuant to section 273 of the Immigration and Nationality Act. Criminal prosecution was declined by the United States Attorney. On March 21, 1961 the immigration officer ordered that the alien be deported from the United States, and, at the request of the carrier, directed that the alien be removed to the MATS terminal for deportation by a MATS flight to the Philippines. The alien departed from Guam on March 21, 1961 pursuant to that order.

On August 23, 1962, the alien sought entry into the United States as a member of the crew of the "SS Tai Ping." He was denied a crewman's landing permit on the ground that he was excludable under section 212(a)(17) of the Act as an alien who had been arrested and deported from the United States. On August 14, 1963, he submitted an application for permission to reapply for admission after deportation to enable him to pursue his calling as a crewman. That application, the only application for permission to reapply of record, was denied on the ground that he was not considered a *bona fide* crewman.

The classes of aliens subject to exclusion by reason of a prior "deportation" are defined in section 212(a) of the Act as folllows:

(16) Aliens who have been *excluded from admission and deported* and who again seek admission within one year from the date of such deportation, unless prior to their reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their reapplying our admission;

(17) Aliens who have been *arrested and deported*, or who have fallen into distress and have been removed pursuant to this or any prior act, or who have been removed as alien enemies, or who have been removed at Government expense in lieu of deportation pursuant to section 242(b), unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission; ..... (Emphasis supplied.)

An alien, other than a crewman whose conditional landing permit may be revoked pursuant to section 252(b) of the Act, may be "arrested and deported" from the United States only after an entry has been made, an order to show cause has been served, a hearing held before a special inquiry officer, and an order of deportation entered. (Section 242, Immigration and Nationality Act; and 8 CFR 242). None of these factors was present here.

The summary procedure set forth in section 252(b) of the Act for the revocation of a conditional permit to land and deportation without a hearing comes into effect only if the crewman is found to have violated his crewman status within the period of his ad-

mission as a crewman. (See *Matter of M—*, 5 I. & N. Dec 127.) In the case of our applicant, there was a *denial* but no *revocation* of a crewman's conditional landing permit.

The subject was, in fact, found by the immigration officer, upon his arrival at Guam on March 19, 1961, to be an alien and a stowaway. Hence, he was found to be excludable under section 212(a)(18) of the Act, and since he was not a lawful resident of the United States, his detention and deportation without hearing was ordered by the immigration officer pursuant to section 273(d) of the Act. (See *Matter of B—*, 5 I. & N. Dec. 712.) Had he sought entry within one year of the date of his exclusion and deportation he would have been excludable under section 212(a)(16). However, he did not do so. He was deported on March 21, 1961 and did not apply for admisssion into the United States until August of 1962 more than one year later. Therefore, section 212(a)(16) was not a bar to his admission when he applied in August of 1962.

The applicant, an alien stowaway presented for inspection on arrival in 1961 and deported without hearing pursuant to the detention order of the examining immigration officer, was not "arrested and deported" from the United States within the meaning of section 212(a)(17) of the Act. More than one year having elapsed since his *exclusion* and deportation, he did not at the time of his last entry on October 3, 1966 need permission to reapply under section 212(a)(16) of the Act. He was lawfully admitted as a nonimmigrant on that date, and is eligible for a change of status to that of a nonimmigrant student. Accordingly, the application will be approved.

*It is ordered* that the application be and hereby is approved.